## Coyle Estate.

Argued September 28, 1944.  Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Joseph B. Quinn,* for appellant.

*Arthur M. Cooper,* with him *Sidney Schwartz,* for
appellee.

OPINION BY HIRT, J., November 15, 1944:
Michael Coyle by will devised his real estate, in-
cluding the premises at 2125 Ridge Avenue in Phila-
delphia to a corporate trustee.  City National Bank of
Philadelphia was later substituted as trustee under the

will. At the time in question testator's daughter, Ellen Coyle Lynch, had a life use of the real estate, with remainder over to designated beneficiaries, by the terms of the trust. On March 15, 1944, Louis Schwom through Louis Schwartz, a real estate broker, made an offer to purchase the Ridge Avenue property for $15,000. A down payment was made and a formal sale agreement was entered into with Schwom under which the trustee agreed to pay Schwartz a broker's commission in accordance with the Act of July 2, 1941, P. L. 227, 20 PS 2254. To the trustee's petition in the Orphans' Court for leave to sell at private sale in performance of that agreement the life tenant filed an answer alleging that the price was inadequate. The court referred the question to a master but before his report was filed, Rose Walker by James J. Grady, another real estate broker, offered $16,500 for the premises. She made a down payment and a similar sale agreement providing for the payment of commissions to her broker was entered into by the trustee with her as purchaser. Shortly thereafter Schwom through Schwartz increased his offer to $17,100 and a third sale agreement was executed by the trustee with the same provision as to a broker's commission. The life tenant then withdrew her objection and the master filed a report recommending a sale to Schwom at that price. Upon approval by the Orphan's Court the sale was consummated. The court reserved the question of a division of the sales commission between the two brokers and finally, adopting the recommendation of the master, ordered the payment of the whole commission of 5% of the sale price, to the broker Schwartz, VAN DUSEN, P. J. and BOLGER, J., dissenting. This appeal is ruled by *Neely v. The Penna. Co. et al.,* 152 Pa. Superior Ct. 70, 30 A. 2d 729. Appellant Grady, whose offer as broker induced the higher offer by Schwartz is entitled to one-half of the commission. To that extent the order will be reversed.

In the Neely case we noted that the obvious purpose of the 1941 Act (Amending §9 of the Orphans' Court Act of June 7, 1917, P. L. 363) was to place brokers who have earned commissions in positions of equality by a division between or among them of a single commission of 5%. The best interest of the trust was an equally moving consideration. The efforts and ingenuity of the first broker who produces a purchaser at an acceptable price may be the means of stimulating interest in other buyers but if another broker procures a sale agreement at a higher price, both are entitled to share in the commissions, Brokers under the act are paid equally but only for the resulting sale; the commission is not divided on quantum meruit or on the basis of the comparative efforts of the brokers in securing buyers. This method is perhaps the most equitable that the circumstances will permit; at any rate it is an improvement on the harsh rule of *Orr's Estate,* 283 Pa. 476, 129 A. 565. In applying the amendment to the present case, it may be noted that while the trust estate agreed to pay a commission the broker in each instance was the agent of the buyer and not of the estate. Schwartz in his first offer, as agent for Schwom, was interested in buying the property for the lowest price which would meet the minimum test of adequacy, regardless of the best interests of the estate. Grady's intervening offer was the means of demonstrating that Schwom was willing to pay a higher amount if necessary, one that netted the estate an additional $2,100 above the sale price of his first agreement.

In general, under the act a broker is entitled to share in the commission if the trustee has entered into an agreement of sale with the buyer procured by such broker. A mere offer or bid for the property is not enough, unless accepted by the trustee. A sale agreement entered into by a trustee presumed to know market

values, is prima facie evidence of adequacy of the price. Here there is nothing to indicate that the court would not have approved the first agreement but for the second, or the second, but for the final agreement. The two brokers together earned a commission of 5% of the final sale price; the commission therefore, should be divided equally between them. The amendment contemplates such equal division between or among brokers regardless of whether, as here, more than one sale agreement resulted from the efforts of one of them in their competitive offers for the land.

Order reversed; 5% of the gross sale price is directed to be paid to appellant and to Louis Schwartz in equal shares.