## Betge Estate.

Argued December 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

234

*Wilson A. Wert,* with him *Snyder, Wert & Wilcox,* for appellants.

*Edwin K. Kline,* with him *Kline & Kline,* for trustee.

*Lewis R. Long,* for officer of trustee bank.

OPINION BY ROSS, J., January 17, 1947:

The appellants, real estate brokers, filed exceptions in the lower court to the account of the Second National Bank of Allentown, trustee under the will of Marie DeNyse Betge. The lower court dismissed the exceptions and the exceptants appealed to this court. The basis of the exceptions is that the account as filed made no provision for the payment of a real estate commission to the appellants, who had produced a purchaser ready, willing and able to purchase certain trust property at a price acceptable to the fiduciary. Later the trustee received a higher offer for the property from a client of Smith, another real estate broker, the property was sold to him and a deed executed and delivered.

The appellants contend that under the provisions of the Act of June 7, 1917, P. L. 363, as amended by the Act of July 2, 1941, P. L. 227, 20 PS 2254, they are entitled to share in the real estate commission payable to Smith for the sale of the property and that is the only question involved in this appeal.

As stated by Judge HIRT in *Neely v. The Pennsylvania Company et al.,* 152 Pa. Superior Ct. 70, 30 A. 2d 729, at page 73, "Prior to the amendment, (of July 2, 1941, P. L. 227, sec. 9) the real estate broker whose ef-

forts, ingenuity and money resulted in a sales contract at an acceptable price, received nothing in return, if another purchaser, before settlement, offered to pay more. Orr's Estate, 283 Pa. 476, 129 A. 565; Clark v. Provident Trust Co., Trustee, 329 Pa. 421, 198 A. 36." [1] The amendment of July 2, 1941, P. L. 227, 20 PS 2254, provides in part as follows: "That nothing in the foregoing shall be construed to relieve executors, administrators or trustees *who have entered into an agreement of sale* of real estate of a decedent or any other real estate held in trust in good faith, and who prior to the time fixed for settlement thereunder have received a higher offer for such real estate, from the payment of real estate broker or broker's commissions to the broker who had procured such agreement of sale, and in the event that more than one real estate broker is entitled to commissions for said agreements of sale, then such commissions shall be equally divided between or among such real estate brokers: Provided further, That the total aggregate commissions paid shall in no event exceed five per cent. of the gross consideration of the final sale." (Italics supplied.) The purpose of this amendment is to place brokers who have earned commissions in positions of equality by a division between or among them of a single commission of five per cent. *Coyle Estate,* 156 Pa. Superior Ct. 185, 39 A. 2d 727.

In order to prevail, the appellants must show that they have "earned" commissions under the provisions of the Act as amended, and this they fail to do. The trustee did not enter "into any agreement of sale" with the prospective purchaser secured by the appellants. Consequently, the appellants have no standing to recover. *Pratt Appeal,* 158 Pa. Superior Ct. 189, 44 A. 2d 608.

Decree affirmed at the cost of appellants.

---

[1] Cf. Act of May 24, 1945, P. L. 944, Brereton Estate, 355 Pa. 45, 48 A. 2d 868.