J-A20018-20

2020 PA Super 253

| STATE FARM INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIM R. KITKO AND ALLEN J. KITKO | : | |
| | : | |
| | : | No. 281 WDA 2020 |
| APPEAL OF: KIM R. KITKO | : | |

Appeal from the Order Entered February 14, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 19-006821

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

OPINION BY OLSON, J.: FILED OCTOBER 20, 2020

Appellant, Kim R. Kitko, appeals from the February 14, 2020 order granting summary judgment in favor of Allen J. Kitko ("Allen Kitko") and dismissing Appellant's statement of claim with prejudice. We vacate the order and remand this case with instructions.

The trial court summarized the undisputed factual and procedural history as follows:

> Gregory R. Kitko [("Decedent")] purchased a life insurance policy [("the policy")] from State Farm Insurance Company ("State Farm") on August 6, 2002[,] in the basic plan amount of $300,000[.00]. The underlying dispute arises over the distribution of proceeds from [the policy] upon [Decedent's] death in 2018.
>
> [Decedent] and [Appellant] were married on October 21, 2000. [Decedent] named [Appellant] as the primary beneficiary and the "Estate of the Insured" as the successor beneficiary of the policy at the time of its purchase.
>
> On March 19, 2008, [Decedent] updated [the policy's beneficiaries], naming his older brother, [Allen Kitko] as the

successor beneficiary. In 2009, [Decedent and Appellant] also purchased a homeowner's insurance policy from [a] State Farm agent [("the agent")].

On February 5, 2018[, Decedent and Appellant] amicably divorced after seventeen years of marriage. On March 1, 2018[, Decedent contacted the agent] via an email initiated through State Farm's website. The email read, in pertinent part,

> [Q]uick update. [Appellant] and [I] divorced. So [I] need to update a couple of things on my life insurance policy. 1) [I] need to update my address[.] 2) [I] need to update my beneficiary[.] 3) [I] need to update the payment to a new bank account[.]

[Decedent] subsequently called [the agent] on June 18, 2018[,] to discuss the updates to the policy.

During his deposition, [the agent] testified about the phone call. Regarding [Decedent, the agent] stated that "[i]n that same conversation, [Decedent] spoke about business interests that he and [Appellant] still had that were important to him." [Decedent] specifically told [the agent] that he wanted [Appellant] to remain the primary beneficiary because of "his continued relationship with [Appellant] for business purposes." [Allen Kitko] was to remain the successor beneficiary of the policy.

[The agent] further testified that he [] reviewed [State Farm's electronic records for the policy] and saw that [Appellant] was identified as the primary beneficiary. [The agent] told [Decedent] that no other forms, signatures[,] or anything else [were] needed to designate [Appellant] as the primary beneficiary.

In July 2018, [Decedent] received an annual statement [("the statement")] from State Farm. The [statement] identified [Appellant] as the primary beneficiary. The [statement contained a notification] that "probate laws may disqualify a [policyholder's] former spouse from receiving life insurance proceeds. You should update your beneficiary designation if your marital status changes and you want your former spouse to receive the proceeds of this policy." The [telephone] conversation between [Decedent] and [the agent, in which Decedent told the agent he wanted Appellant to remain the primary beneficiary of the policy, occurred prior to Decedent's receipt of the statement.]

> [Decedent] passed away on October 18, 2018. Both [Appellant] and Allen Kitko [submitted a claim] to the $300,000[.00] life insurance proceeds [due] under [the terms of the policy.]
>
> State Farm filed a complaint for equitable interpleader on May 9, 2019[,] against [Appellant] and Allen Kitko[.] State Farm requested that the [trial] court require both [Appellant and Allen Kitko] to file [statements] of claim [with the trial court] and [for the trial court] to authorize State Farm to pay into the [trial] court [the $300,000.00 life insurance proceeds, as well as any accrued interest.] State Farm also requested that it be discharged from any and all further liability for the payment of the proceeds once it [] deposited the [proceeds] plus interest [with] the [trial] court.
>
> The [trial] court granted State Farm's petition for interpleader on October 4, 2019. [Appellant and Allen Kitko] subsequently filed their [respective] statements of claim. Both [Appellant and Allen Kitko] then filed cross[-]motions for summary judgment. [On February 14, 2020, the trial] court granted Allen Kitko's motion for summary judgment and[, in a separate order,] denied [Appellant's] motion for summary judgment.

Trial Court Opinion, 4/17/20, at 1-3 (extraneous capitalization, section headings, original brackets, ellipses, record citations, and some quotation marks omitted).

Appellant filed an appeal from the February 14, 2020 order granting Allen Kitko's motion for summary judgment and dismissing Appellant's statement of claim with prejudice. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court, however, filed a Rule 1925(a) opinion on April 17, 2020.

Appellant raises the following issues for our review:

1. Whether "it appears" that [Decedent's beneficiary] designation of [Appellant,] during their marriage[,] "was intended to survive the divorce based on: … (4) a

- 3 -

designation of a former spouse as a beneficiary after the divorce decree has been issued" in accordance with 20 Pa.C.S.A. § 6111.2(b)(4) when, after [a] divorce decree was issued, (a) [Decedent] called [the agent and] advised [the agent] that [Decedent and Appellant] divorced and that [Decedent] wanted [Appellant] to remain as [the] primary beneficiary of [the policy]; (b) [the agent] looked at the State Farm [electronic records] system, saw that [Appellant] was designated as the primary beneficiary, and concluded that there were no documents that [Decedent] needed to sign in order for [Appellant] to be the primary beneficiary under the policy; (c) [the agent] never told [Decedent] that he needed to sign any documents in order for [Appellant] to remain as the primary beneficiary under the policy [after the final divorce decree was issued]; (d) [Decedent] relied on [the agent's] advice; and (e) State Farm thereafter issued [the statement] identifying [Appellant] as the primary beneficiary [of the policy]?

2. Whether, in order for it to "appear[]" that [Decedent's beneficiary] designation of [Appellant,] during their marriage[,] "was intended to survive the divorce based on: … (4) a designation of a former spouse as a beneficiary after the divorce decree has been issued" in accordance with 20 Pa.C.S.A. § 6111.2(b)(4), [Decedent] had to "strictly comply" with the "Change of Beneficiary" provisions in the policy?

3. Whether [Decedent] substantially complied in effectuating "a designation of a former spouse after the divorce decree has been issued" such that "it appears" that his [beneficiary] designation of [Appellant] during their marriage "was intended to survive the divorce["] in accordance with 20 Pa.C.S.A. § 6111.2(b)(4) and [Decedent] made every reasonable effort under the circumstances to [substantially comply] such that the [trial] court should [have given] effect to his intention that [Appellant] remain as [the] primary beneficiary [of the policy after the divorce decree was issued]?

Appellant's Brief at 5-7 (extraneous capitalization omitted).

Appellant, in sum, challenges the trial court's order granting summary judgment in favor of Allen Kitko. Id. at 25-46. Our standard of review and scope of review of orders granting, or denying, summary judgment are well-settled.

> Our scope of review of summary judgment orders is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff['s] proof of the elements of [the] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial [] failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus[,] a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review[,] we are not bound by the trial court's conclusions of law, but may reach our own conclusions. [This] Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

Collins v. Philadelphia Suburban Dev. Corp., 179 A.3d 69, 73 (Pa. Super. 2018) (citation, ellipses, and original brackets omitted).

Section 6111.2 of the Pennsylvania Probate, Estates and Fiduciaries Code states,

§ 6111.2.   Effect of divorce or pending divorce on designation of beneficiaries

(a) Applicability.--This section is applicable if an individual:

(1) is domiciled in this Commonwealth;

(2) designates the individual's spouse as beneficiary of the individual's life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to the spouse; and

(3) either:

(i) at the time of the individual's death is divorced from the spouse; or

(ii) dies during the course of divorce proceedings, no decree of divorce has been entered pursuant to 23 Pa.C.S.[A.] § 3323 (relating to decree of court) and grounds have been established as provided in 23 Pa.C.S.[A.] § 3323(g).

(b) General rule.--Any designation described in subsection (a)(2) in favor of the individual's spouse or former spouse that was revocable by the individual at the individual's death shall become ineffective for all purposes and shall be construed as if the spouse or former spouse had predeceased the individual, unless it appears the designation was intended to survive the divorce based on:

(1) the wording of the designation;

(2) a court order;

(3) a written contract between the individual and the spouse or former spouse; or

(4) a designation of a former spouse as a beneficiary after the divorce decree has been issued.

20 Pa.C.S.A. § 6111.2(a) and (b).[1]

_____

[1] We note that our Supreme Court, in In re Estate of Sauers, held that the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001-1461, preempted Section 6111.2 to the extent Section 6111.2

The courts of this Commonwealth have long held that, "[i]n order to affect a change of beneficiary, the mode prescribed by the policy must be followed[.]" Sproat v. Travelers' Ins. Co., 137 A. 621, 622 (Pa. 1927); see also In re Estate of Golas, 751 A.2d 229, 231 (Pa. Super. 2000) (stating, "[i]n general, one must follow the requirements specified by the policy in order to validly change the beneficiary" (citation omitted)). An exception to this general principle permits a change of beneficiary to be effective if, under the circumstances, the policyholder substantially complied with the provisions of the policy. Sproat, 137 A. at 622; see also Riley v. Wirth, 169 A. 139, 140 (Pa. 1933) (holding, that when the policyholder made every reasonable effort, under the circumstances, to change the beneficiary designation, "more cannot be required" (citations omitted)). Substantial compliance requires the policyholder to make "every reasonable effort to effect a change of beneficiary[.]" Sproat, 137 A. at 622; see also Golas, 751 A.2d at 231 (stating, "the intent of the insured will be given effect if he does all that he reasonably can under the circumstances to comply with the terms of the policy which permit a change of beneficiary" (citation, original quotation marks, and brackets omitted)).

_____

related to insurance policies, annuity contracts, and pension or profit-sharing plans provided as part of an employee benefit plan. Because the life insurance policy in the case sub judice was not obtained as part of an employee benefit plan, the statute, as it applies to the instant case, is not preempted by ERISA. See In re Estate of Sauers, 32 A.3d 1241, 1257 (Pa. 2011).

Here, Appellant contends the trial court erred in determining that Appellant was disqualified as the primary beneficiary under the terms of the policy because after the divorce decree was issued, Decedent did not subsequently designate, in writing, that Appellant was to remain the primary beneficiary of the policy's life insurance proceeds. Appellant's Brief at 26. Appellant argues that Section 6111.2(b)(4) does not require Decedent's designation of Appellant as the primary beneficiary of the policy, after the divorce decree was issued, to be in writing. Id. at 29-30. According to Appellant, Decedent intended for Appellant to remain the policy's primary beneficiary after the divorce decree was issued and, to manifest his intent, Decedent verbally, in a conversation with the agent, designated Appellant as the primary beneficiary of the policy. Id. at 31. Appellant further argues that the trial court erred in determining that a designation of Appellant as the primary beneficiary of the policy after the divorce decree was issued could only be accomplished if Decedent strictly complied with the provisions of the policy governing changes to a beneficiary designation. Id. at 32-35. Alternatively, Appellant contends that if the beneficiary designation were required to be in writing, Decedent substantially complied with the terms of the policy when 1) Decedent verbally indicated to the agent his intention that Appellant remain the primary beneficiary of the policy after the divorce decree was issued, 2) the agent indicated that no written documents, signed by Decedent, were required to be submitted to effectuate that intent, and 3)

Decedent subsequently received the statement from State Farm indicating Appellant remained the primary beneficiary of the policy. Id. at 36-46.

Allen Kitko, acknowledging that Section 6111.2(b)(4), in general, does not preclude a verbal designation, asserts that the term "designation," as used in this subsection, and the actions a policyholder must take to effectuate a change in beneficiary designation, are defined by the terms of the individual policy. Allen Kitko's Brief at 25-26. Allen Kitko contends that the policy, in the instant case, required the designation of Appellant as the primary beneficiary of the policy to be in writing and that the alleged verbal conversation Decedent had with the agent did not qualify as an effective beneficiary designation under the terms of the policy. Id. at 27, 31. Allen Kitko argues that the July 14, 2018 statement, forwarded by State Farm to Decedent, clearly stated that Decedent needed to complete a change of beneficiary form and submit that completed form to State Farm if Decedent intended Appellant to be the primary beneficiary of the policy after the divorce decree was issued. Id. at 30. Allen Kitko argues that Decedent's failure to submit the change of beneficiary form precludes a finding that Decedent substantially complied with the terms of the policy pertaining to the designation of a beneficiary. Id. at 35-41.

The trial court, in granting summary judgment in favor of Allen Kitko and denying summary judgment in favor of Appellant, stated that, "[t]he term [']designation['] is not defined [in Section 6111.2(b), and as such, whether] a person is designated as a beneficiary depends on the contractual terms of

each individual life insurance policy." Trial Court Opinion, 4/17/20, at 4. The trial court found that the policy required, inter alia, that a valid change of beneficiary designation had to be in writing and signed by the policyholder. Id. The trial court concluded,

> Under the terms of the policy, Decedent's designation of [Appellant] as the primary beneficiary [of the policy] after the divorce decree [became final was required] to be in writing and signed [by Decedent], notwithstanding the incorrect advice provided by [the agent]. Decedent relied on [the agent's] advice and failed to send State Farm a signed written request designating [Appellant] as the primary beneficiary [of the policy after the divorce decree was issued].
>
> Pennsylvania law requires a policyholder to strictly comply with the policy terms to change a beneficiary designation. The language in Decedent's policy is clear that any changes in beneficiary designation must be signed and in writing. Decedent failed to strictly comply with the terms of [the] policy and, instead, made only a verbal affirmation of the existing designation on file. A mere declaration of intent to designate [Appellant,] his former spouse[,] as a beneficiary following the divorce was not enough to overcome the requirement of strict compliance with the policy terms. As a result, in accord with the provisions of [Section 6111.2], the designation on file with State Farm must be construed as though [Appellant] predeceased [Decedent].

Id. at 5-6 (extraneous capitalization and section heading omitted).

Initially, we must discern the meaning of the term "designation" as set forth in Section 6111.2(b)(4). Statutory interpretation is a question of law for which our standard of review is de novo and our scope of review is plenary. A.S. v. Pennsylvania State Police, 143 A.3d 896, 903 (Pa. 2016). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "In

construing and giving effect to the text, we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear." A.S., 143 A.3d at 906 (citations and original quotation marks omitted). "Ordinarily, a word's usage accords with its dictionary definition. In law as in life, however, the same words, placed in different contexts, sometimes mean different things." Id.

Section 6111.2, a so-called revocation-on-divorce statute, deems a spouse, or former spouse, of a life insurance policyholder to have predeceased the policyholder for beneficiary purposes under the terms of the life insurance policy when the beneficiary designation occurred prior to the entry of a final divorce decree or prior to the initiation of divorce proceedings, which remain pending at the time of the policyholder's death. 20 Pa.C.S.A. § 6111.2(a) and (b). In order words, the designation of a spouse, or former spouse, as a beneficiary under his or her spouse's, or former spouse's, life insurance policy is automatically revoked upon the entry of a final divorce decree or upon initiation of a divorce proceeding that is not finalized before the policyholder's death.[2] Id. To apply, Section 6111.2(a) (apart from a domiciliary requirement, which is not contested herein) requires the policyholder to

_____

[2] Revocation-on-divorce statutes, such as Section 6111.2, are intended to protect policyholders, who presumably "do not aspire to enrich their former partners" but through neglect, forget to change the beneficiary of a life insurance policy after a divorce, by requiring the policyholder to take affirmative action to restore the former spouse as a beneficiary. Sveen v. Melin, 138 S.Ct. 1815, 1822-1823 (2018).

designate his or her spouse as a beneficiary of the policy prior to the entry of a final divorce decree or prior to the initiation of divorce proceedings. Id. at 6111.2(a) (stating, that the statute is applicable when an individual "designates the individual's spouse as beneficiary of the individual's life insurance policy"). Because a life insurance policy is a contract of adhesion between the policyholder and the company issuing the policy, the policyholder must designate a beneficiary of the policy in strict, or substantial, compliance with the terms of the life insurance policy in order to be effective. See Boehm v. Riversource Life Ins. Co., 117 A.3d 308, 324 (Pa. Super. 2015) (stating, "[l]ife insurance policies are contracts of adhesion"); see also Golas, 751 A.2d at 231.

The spouse, or former spouse, will not be deemed to have predeceased the policyholder and will remain a beneficiary of the policy, however, if (1) the initial beneficiary designation contains words indicating the designation is to remain effective despite subsequent issuance of a divorce degree, (2) a court orders the beneficiary designation to remain in effect after a divorce decree is issued, (3) the spouses, or former spouses, enter into a written contract, i.e. a divorce settlement agreement, in which they agree the beneficiary designation is to remain in effect after entry of a divorce decree, or (4) the policyholder makes a "designation" after the divorce decree is issued that his or her former spouse is a beneficiary. Id. at § 6111.2(b)(1-4). The first three methods by which a beneficiary designation remains effective after a divorce decree is issued, or a divorce proceeding is initiated, as enumerated in Section

6111.2(b)(1-3), rely on a writing, namely the wording of a written designation, a court order, or a written contract. Id. at § 6111.2(b)(1-3). A review of Section 6111.2(b) reveals, however, that the term "designation," as set forth in Subsection 6111.2(b)(4), is not defined by the statute. Thus, a plain-reading of Section 6111.2(b)(4) leaves open the possibility that a beneficiary designation of a former spouse after a divorce decree is issued can be accomplished by either an oral designation or a written designation. If the legislature intended the beneficiary designation contemplated by Section 6111.2(b)(4) to be in written form exclusively, then the word "written" would have been inserted before "designation," the same as it was inserted before the word "contract" in the preceding subsection. Section 6111.2(b)(4), therefore, does not foreclose the possibility that a beneficiary designation can assume an oral, in addition to a written, form.

Our analysis cannot end here, however. We must also read the term "designation" in the context of the statute in toto. While we conclude that the term "designation," as used in Subsection 6111.2(b)(4) permits beneficiary designation by either oral or written form, we further conclude that a valid "designation" under Subsection 6111.2(b)(4) refers to a designation of a former spouse as a beneficiary of the policy after the divorce decree was issued that either strictly or substantially complies with the terms of the

applicable policy.[3]  Accordingly, to resolve the dispute in the case sub judice, we must determine whether, after the divorce decree was issued, Appellant established Decedent's strict compliance with the beneficiary designation provisions of the policy.  In the alternative, we must decide whether, in accordance with Pennsylvania law, Appellant demonstrated Decedent's substantial compliance with the policy terms in any post-divorce beneficiary re-designation.  Our analysis, therefore, begins with the policy language itself.

Decedent's policy defined the procedure to change a beneficiary designation as follows,

> Change of Beneficiary Designation.  You may make a change while the Insured is alive by sending us a request.  The change will take effect the date the request is signed, but the change will not affect any action we have taken before we receive the request.  We have the right to request your policy to make the change on it.

_____

[3] We read the term "designation" in Subsection 6111.2(b)(4) in this manner because to apply, this revocation-on-divorce statute requires the initial beneficiary designation of a spouse, pre-divorce, to be in strict, or substantial, compliance with the terms of the applicable life insurance policy.  The re-designation of a former spouse, post-divorce, for purposes of satisfying Subsection 6111.2(b)(4), must also be in strict, or substantial, compliance with the terms of the applicable life insurance policy.  In other words, oral beneficiary designation, and re-designation, will be permitted only if the terms of the life insurance policy allow an oral beneficiary designation.  Similarly, when the life insurance policy requires the beneficiary designation to be in writing, the beneficiary designation, and re-designation, must be in writing in order to be effective.

Decedent's Life Insurance Policy, 8/6/02, at 6 (emphasis added). Because the policy stated that the change of beneficiary designation was only effective as of the date the request was signed, the policy clearly contemplated that the beneficiary designation change request must be a writing that contains the policyholder's signature.[4] Therefore, Decedent's designation of Appellant as the primary beneficiary of the policy after their divorce decree was issued needed to be in writing and the writing needed to be signed by the Decedent to accomplish strict compliance with the terms of the policy. Because this did not occur, strict compliance has not been shown.

As stated supra, Pennsylvania courts apply an equitable principle whereby a decedent's intention to designate his or her former spouse as a beneficiary of a life insurance policy will be given effect, despite the decedent's failure to strictly comply with the policy's requirements, where the decedent did all that he or she could reasonably do under the circumstances to comply with the terms of the policy.[5] Golas, 751 A.2d at 231, citing Carruthers v.

_____

[4] A policyholder is not required to use the change of beneficiary form provided by the insurance company for its convenience. Rather a policyholder, whose policy requires a beneficiary designation to be in writing and signed by the policyholder, may effectuate a change of beneficiary by any written means provided the writing, which clearly indicates the policyholder's intent, is signed by the policyholder and notice of the change is provided to the insurance company. Such a writing may be via electronic correspondence, i.e. email, provided the policyholder can electronically sign the writing and appropriate authentication protocol is available to verify the policyholder's "e-signature."

[5] In Sveen, Justice Gorsuch wrote,

$21,000, 434 A.2d 125, 127 (Pa. Super. 1981).  Therefore, we must examine whether Decedent, under the circumstances of the case sub judice, substantially complied with the terms of the policy so that Appellant remained the primary beneficiary of the policy after the divorce decree was issued.

Here, the record demonstrates that Decedent and Appellant's divorce decree was issued on February 5, 2018.  On March 1, 2018, Decedent contacted the agent, via the email platform on the State Farm website, and notified the agent that Decedent and Appellant divorced.  Decedent informed the agent that he needed to update his address, his beneficiary, and his bank account information.  Decedent spoke with the agent on June 18, 2018, at which time Decedent notified the agent of Decedent's divorce and expressed that he intended Appellant to remain the primary beneficiary of the policy because Decedent and Appellant had a common business interest and he wanted to provide Appellant protection for that business.  Pascoe Deposition,

_____

> As the federal government has recognized, [revocation-on-divorce] statutes cannot be assumed to "effectuate the insured's 'true' intent" because a policyholder "might want his ex-spouse to receive insurance proceeds for a number of reasons - out of a sense of obligation, remorse, or continuing affection, or to help care for children of the marriage that remain in the ex-spouse's custody."  After all, leaving your ex-spouse life insurance proceeds can be a cheaper, quicker, and more private way to provide for minor or disabled children than leaving the matter to a trustee or other fiduciary.  For these reasons, the federal government and nearly half the states today do not treat divorce as automatically revoking insurance beneficiary designations.

Sveen, 138 S.Ct. at 1828-1829 (Gorsuch, J. dissenting) (citations and brackets omitted).

10/9/2019, at 26-27. When Decedent asked the agent if there were any paperwork he needed to complete in order for Appellant to remain the primary beneficiary of the policy, the agent advised Decedent that there was no additional paperwork he needed to complete. Id. at 27. The agent stated, "I looked on my [computer] screen [at the electronic version of the policy]. [Appellant's name] was there. She had always been there. There was no need to do anything with that paperwork." Id. The following dialogue occurred during the agent's deposition,

Q.    [] There was no paper that [Decedent] needed to sign in order to have [Appellant] be designated the beneficiary following your conversation on June 18, 2018?

A.    She already was.

Q.    No other papers needed done?

A.    No others needed.

Q.    I use the word other, which would suggest there would be one. There were no papers that [Decedent] needed to sign to effect [Appellant] being [] designated beneficiary; is that correct?

A.    Correct.

Id. at 34. Decedent subsequently received the July 14, 2018 statement from State Farm identifying Appellant as the primary beneficiary of the policy. The statement also stated,

Note: Probate laws may disqualify a policy owner's former spouse from receiving life insurance proceeds. You should update your beneficiary designation if your marital status changes and you want your former spouse to receive the proceeds of this policy.

- 17 -

Annual Notice of Policy Status, 7/14/18. Decedent did not submit a change of beneficiary form designating Appellant as the primary beneficiary of the policy after his divorce decree was issued. Decedent subsequently passed away on October 18, 2018.

Here, the trial court found that there was no genuine issue of material fact that Decedent made a verbal declaration to the agent that Decedent intended for Appellant to remain the primary beneficiary of the policy. Trial Court Opinion, 4/17/20, at 5. This verbal declaration, the trial court concluded, did not strictly comply with the policy's requirements for designating Appellant as the primary beneficiary. Id. Therefore, the trial court concluded that pursuant to Section 6111.2(b), Appellant was deemed to have predeceased Decedent. Id. at 6. The trial court failed, as a matter of law, however, to examine whether Decedent substantially complied with the terms of the policy in order to designate Appellant as the primary beneficiary.

We concur with the trial court that no genuine issue of material fact existed that Decedent verbally indicated to the agent that he intended for Appellant to remain the primary beneficiary of the policy. We further concur with the trial court that the agent informed Decedent, albeit incorrectly, that no additional paperwork, including the change of beneficiary forms Decedent received in March 2018,[6] was necessary to effectuate Decedent's intent that

_____

[6] Allen Kitko acknowledged that Decedent received change of beneficiary forms in March 2018 and that the forms remained uncompleted and part of

Appellant remain the primary beneficiary of the policy. Decedent subsequently received the statement listing Appellant as the primary beneficiary of the policy. Although the statement contained a notice stating that probate laws may disqualify Appellant as the primary beneficiary, the statement did not specifically advise Decedent that pursuant to Section 6111.2 of the Pennsylvania Probate, Estates and Fiduciaries Code, Appellant was deemed to have predeceased Decedent and, thus, disqualified as the primary beneficiary of the policy upon the entry of the final divorce decree unless one of the four exceptions, as enumerated in Section 6111.2(b), occurred. The notice further advised Decedent he should, but was not required to, update his beneficiary designation if his marital status changes and he wanted Appellant to remain the primary beneficiary of the policy. Before his death on October 18, 2018, Decedent did not submit the change of beneficiary forms that he received in March 2018, to State Farm.

Based upon our review of the record, we discern that Decedent, under the circumstances of this case, reasonably did all that he could have done to designate Appellant as the primary beneficiary of the policy. Decedent notified his agent about his divorce and inquired about Appellant remaining the primary beneficiary of the policy. The agent incorrectly told Decedent that no additional paperwork was necessary in order to strictly comply with the

_____

Decedent's estate at the time of his death. Allen Kitko's Brief, 1/27/20, at 18 and Exhibit G.

beneficiary designation provisions of the policy and that Appellant was already listed as the primary beneficiary of the policy according State Farm's electronic records system. See Boehm, 117 A.3d at 324 (stating, "insurance agent's expertise in the field of life insurance vests his representations with authority and tends to induce the insured to believe that reading the policy would be superfluous" (citation, ellipsis, and original quotation marks omitted)). Decedent subsequently received a statement from State Farm confirming that Appellant was the primary beneficiary of the policy. Although the statement contained a change in marital status notice, it is undisputed that Decedent intended for Appellant to remain as the primary beneficiary of the policy. It is further undisputed that Decedent believed that no additional paperwork needed to be submitted in order for Appellant to remain as the primary beneficiary of the policy. Decedent's belief was based upon the information provided by the agent before the statement was received and subsequent receipt of the statement confirming that Appellant was the primary beneficiary of the policy. Therefore, Decedent, under the circumstances of the instant case, substantially complied, as a matter of law, with the policy requirements to designate Appellant as the primary beneficiary of the policy.

Consequently, we vacate the order that granted summary judgment in favor of Allen Kitko and dismissed Appellant's statement of claim with prejudice. Further, we remand this case with the instructions that the trial court vacate its order that denied Appellant's motion for summary judgment.

Finally, we direct the trial court to enter summary judgment in favor of Appellant and to dismiss Allen Kitko's statement of claim with prejudice.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2020