J-S28020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: REVOCABLE TRUST OF DAVID ROTHSTEIN IN RE: DAVID ROTHSTEIN INSURANCE TRUST | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARCI POLEKOFF | : : : : : | |
| | : | No. 763 EDA 2021 |

Appeal from the Order Entered March 2, 2021
In the Court of Common Pleas of Bucks County Orphans' Court at No(s):  No. 2018-E0580

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.*

MEMORANDUM BY DUBOW, J.:                              **FILED JANUARY 12, 2022**

Appellant, Marci Polekoff, appeals from the March 2, 2021 Order entered in the Court of Common Pleas denying her "Petition for Citation to Show Cause Why Robert Mand, Esquire Should Not be Compelled to Account and Related Relief."  The order denied and dismissed Appellant's requests to return insurance policy proceeds to an insurance trust of which she was a beneficiary and to impose a constructive trust.  After careful review, we affirm.

**Background**

This appeal pertains to a revocable trust and an irrevocable life insurance trust created by David H. Rothstein, ("Decedent").  Appellant is one of Decedent's three children.  Following Decedent's August 15, 2015

_____

* Retired Senior Judge assigned to the Superior Court.

death, Appellant learned that she was not a beneficiary of Decedent's estate or of any life insurance policy purchased by Decedent.

Believing that Decedent had procured an insurance policy for her benefit, Appellant contacted Decedent's long-time attorney Robert Mand, Esquire ("Attorney Mand") and his associate, Craig LaRocca, Esquire ("Attorney LaRocca"), for information.

On April 13, 2017, Attorney LaRocca replied by letter to Appellant and her siblings, Jeffery Rothstein ("Mr. Rothstein") and Nancy Rothstein Levitt ("Ms. Levitt"), explaining that, in 2010, Decedent had created a revocable trust ("Revocable Trust") naming his wife, Michelle Rothstein ("Wife"), the sole income beneficiary. The letter also indicated that Decedent had purchased an insurance policy for the benefit of the Revocable Trust. Attorney LaRocca did not disclose the existence of any other trusts created or insurance policies purchased by Decedent.

After receiving this information, on October 23, 2018, Appellant filed a petition for accounting of the Revocable Trust, seeking a preliminary injunction and other related relief. On February 26, 2019, the orphans' court held a hearing on Appellant's petition at which Attorney Mand, trustee of the Revocable Trust, explained that the Revocable Trust held as an asset

the proceeds of a life insurance policy purchased by Decedent (the "Policy") from Lincoln Benefit Life ("LBL").[1]

Relevant to the issues raised in the instant appeal, Attorney Mand also testified that, in 2009, Decedent had created an insurance trust ("Insurance Trust") which initially owned the Policy for the benefit of, *inter alia*, Appellant. Due to a change in family circumstances, however, Decedent subsequently wished to change the owner of the Policy from the Insurance Trust to himself and the beneficiary from the Insurance Trust to the Revocable Trust. Attorney Mand testified that, notwithstanding efforts made by Decedent to effectuate the desired changes, LBL failed to make the changes in ownership and beneficiary as requested by Decedent; thus, upon Decedent's death, LBL paid the Policy benefits to the Insurance Trust. Then Attorney Mand, as trustee of the Insurance Trust, transferred the insurance funds from the Insurance Trust to the Revocable Trust in accordance with his fiduciary responsibility as trustee.

**The Instant Litigation**

On March 25, 2019, in light of Attorney Mand's disclosures regarding Decedent's creation of an Insurance Trust for, at least initially, Appellant's benefit, Appellant filed a "Petition for Citation to Show Cause why [Attorney Mand] Should Not be Compelled to Account and Related Relief." In the

---

[1] Attorney Mand also explained that the Revocable Trust was a beneficiary of Decedent's individual retirement account.

petition, Appellant asserted that the Insurance Trust was the rightful owner of the Policy proceeds and that Attorney Mand had improperly transferred them from the Insurance Trust to the Revocable Trust to Appellant's detriment.

Among other things, Appellant sought: (1) the removal of Attorney Mand as trustee for the Insurance Trust; (2) a declaratory judgment that Decedent had not validly changed the beneficiary designation on the Policy and that LBL had validly paid the death benefit on the policy to the Insurance Trust; (3) the imposition of a constructive trust on the Revocable Trust sufficient to return the Policy proceeds to the Insurance Trust; and (4) the return of the Policy proceeds to the Insurance Trust.

On November 10, 2020, and December 22, 2020, the orphans' court held hearings on Appellant's petition. The court considered testimony and evidence limited to the above issues raised in Appellant's petition. Attorney Mand; Attorney LaRocca; Steven Katz ("Mr. Katz"), the independent LBL sales agent from whom Decedent had purchased the Policy; Connie Heinrich ("Ms. Heinrich"), LBL's Director of Customer Services; and Appellant testified at the hearing.

Appellant testified that Decedent told her that she was to receive proceeds of a life insurance policy following his death. Both Attorney Mand and Mr. Katz testified, however, that Decedent had expressed his intent to change the beneficiary of the Policy from the Insurance Trust from which Appellant would have benefitted to the Revocable Trust so that Wife, as the

sole beneficiary of the Revocable Trust, would receive all the Policy proceeds.[2]

Attorney Mand and Mr. Katz each testified regarding the specific steps undertaken to effectuate Decedent's expressed intent. Specifically, they explained that Attorney Mand and Decedent had engaged in a two-step process, through letters to LBL. First, on January 26, 2010, Attorney Mand sent a letter to LBL requesting that LBL change the owner of the Policy from the Insurance Trust to Decedent.[3] Then, on January 28, 2010, Decedent sent a letter to LBL requesting that LBL change the Policy beneficiary from the Insurance Trust to the Revocable Trust.[4]

Neither Attorney Mand nor Mr. Katz had any further discussions with Decedent about changing the owner of Decedent's Policy. Similarly, neither

---

[2] Attorney Mand testified, for example, that Decedent wanted Wife, as beneficiary of the Revocable Trust, to receive the Policy proceeds and stated that Decedent was "very clear as to how he wanted his assets distributed at the time of his death. There was no question as to what he wanted to do, and I did what he wanted done." N.T, 12/22/20, at 77-78.

[3] The evidence included a February 4, 2010 letter from LBL to Attorney Mand and carbon copied to Mr. Katz in which LBL informed Attorney Mand that it was unable to change the Policy owner without Attorney Mand completing the request on an LBL form. Attorney Mand testified that he never received this letter.

[4] In this letter, Decedent also requested that LBL acknowledge the beneficiary change in writing and inform decedent if LBL required him to complete a specific form to effectuate the beneficiary change. If so, Decedent requested that LBL send the form to Attorney Mand for completion and submission. Neither Decedent nor Attorney Mand received, completed, or submitted any beneficiary change forms.

Mr. Katz nor Attorney Mand received a confirmation letter or any indication that LBL had effectuated the requested ownership change of Decedent's Policy. Mr. Katz testified that, in his experience, a letter requesting a change in policy is typically satisfactory to policy issuers to effectuate requests to change ownership of a policy and that the need for the request to be restated on a company form is solely for administrative purposes.

Ms. Heinrich, LBL's Director of Customer Services, testified that the January 28, 2010 letter from Decedent to LBL requesting a change of beneficiary of the Policy was not in LBL's electronic file. She also testified that LBL would have sent Decedent a letter confirming any change in the Policy's beneficiary designation; however, Decedent's file contained no such letter.

The testimony and evidence also demonstrated that Decedent made no further changes to the Policy until 2014. Pursuant to Decedent's wishes, on September 4, 2014, Attorney Mand, acting as trustee of the Insurance Trust, and Mr. Katz executed an "Application for Contract Change," requesting that LBL decrease the value of the Policy by half from $1,000,000 to $500,000.[5] On September 10, 2014, LBL responded by letter to the

---

[5] "Robert Mand, Trustee" signed the application to decrease the Policy's value. It is not clear from the record why Attorney Mand was involved in reducing the policy's value.

Insurance Trust confirming the reduction of the death benefit and the premium quarterly payment.[6]

LBL sent all Policy premium payment notices from April 2010 to July 2015 to the Insurance Trust at Attorney Mand's address. Mr. Mand paid all premiums after Decedent forwarded the funds to him for payment.

**Orphans' Court's Decision**

On March 2, 2021, the orphans' court denied and dismissed Appellant's claims The orphans' court weighed the totality of the evidence and found that: (1) Attorney Mand effectively changed the owner of the Policy; (2) Decedent intended Wife to be the sole beneficiary of the Policy proceeds; and (3) Decedent effectively changed the Policy beneficiary from the Insurance Trust to Wife when he "took substantial steps" and "made every reasonable effort to effectuate the change of beneficiary." Opinion, 3/2/20, at ¶¶ 1-2, 4.

This timely appeal followed. Both Appellant and the orphans' court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

A. Did the orphans' court err as a matter of law by holding that the [Policy] between [LBL] and the David Rothstein

_____

[6] Ms. Heinrich explained that only a life insurance policyowner can change the death benefit. Therefore, because LBL considered the Insurance Trust to be the owner of the Policy, only a representative of the Insurance Trust, *i.e.*, Attorney Mand, was able to reduce the Policy death benefit to $500,000.

Irrevocable Insurance Trust was changed in January of 2010 so that the owner of the policy became the decedent, David Rothstein?

B. Did the orphans' court err as a matter of law by concluding it would recognize a change in the beneficiary designation of the [Policy] from the Irrevocable Life Insurance Trust to the Revocable Trust of David Rothstein and upholding the trustee's transfer of $500,000.00 from the Insurance Trust to the Revocable Trust where no legal justification existed for such transfer of the funds?

C. Did the orphans' court abuse its discretion by concluding that the Decedent intended at the time of his death that the Revocable Trust of David Rothstein would be the Beneficiary of the [Policy] so that his wife would receive the benefit of it to the exclusion of his children?

D. Did the orphans' court err by not finding that [Attorney Mand], as trustee of the Irrevocable Insurance Trust and attorney for both the Decedent and his wife, breached his fiduciary duties to all parties, and was liable for transferring the insurance proceeds to the Revocable Trust?

E. Did the orphans' court err as a matter of law by failing to award [] Appellant interest as required by statute on the $300,000.00 of the [Policy] proceeds, which should have been distributed to her and the two other trust beneficiaries upon the Decedent's death more than five years ago under the terms of the Irrevocable Life Insurance Trust?

Appellant's Brief at 4-5 (reordered for ease of disposition, unnecessary capitalization omitted).

**Standard of Review**

Each of Appellant's issues challenges the findings of the orphans' court. Thus, our standard of review of is deferential. *In re Ware*, 814 A.2d 725, 731 (Pa. Super. 2002). "When reviewing a decree entered by the [o]rphans' [c]ourt, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the

- 8 -

evidence." *In re Estate of Rosser*, 821 A.2d 615, 618 (Pa. Super. 2003) (citation omitted). "Because the [o]rphans' [c]ourt sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion." *Ware*, 814 A.2d at 731 (citation omitted). An abuse of discretion exists when a finding by the lower court is not based upon the evidence of record. *In re Paxson Trust I*, 893 A.2d 99, 112 (Pa. Super. 2006). "The test to be applied is not whether we, the reviewing court, would have reached the same result, but whether a judicial mind, after considering the evidence as a whole, could reasonably have reached the same conclusion." *In re Gumpher*, 840 A.2d 318, 321 (Pa. Super. 2003) (citations omitted). This Court is not, however, constrained to defer to the legal conclusions of the orphans' court. *Ware*, 814 A.2d at 731.

Furthermore, "[w]hen reviewing the decision of the trial court in a declaratory judgment action we are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion." *Forest Glen Condo Ass'n v. Forest Green Commons Ltd. P'ship*, 900 A.2d 859, 861 (Pa. Super. 2006).

## Issues

In her first three issues, Appellant asserts she is the rightful beneficiary of the proceeds of the Policy. Specifically, she challenges the orphans' court's determination that Attorney Mand validly changed the

- 9 -

owner of the Policy from the Insurance Trust to the Decedent and that Decedent validly changed the beneficiary of the Policy from the Insurance Trust to the Revocable Trust. Appellant's Brief at 22-29, 30-32.

**The Validity of the Change in Policy Ownership**

In her first issue, Appellant claims that the orphans' court erred by overlooking Attorney Mand's undisputed failure to strictly comply with LBL's ownership change requirements. Appellant's Brief at 22. She asserts that Attorney Mand's effort in merely sending a letter to LBL was insufficient to effectuate the ownership change. *Id.* at 23-24. Without citation to legal authority, Appellant avers that the court "diluted the standard of substantial compliance" to reach an erroneous conclusion that Attorney Mand effectively changed the Policy's owner from the Insurance Trust to Decedent. *Id.* at 22.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). *See* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Tr. v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation and brackets omitted). *See* Pa.R.A.P. 2101

(explaining that substantial briefing defects may result in dismissal of appeal).

Here, Appellant has not developed any argument with citation to controlling authority and discussion of that authority vis-à-vis the facts of this case. Instead, she has merely baldly asserted that Attorney Mand's actions failed to meet the legal threshold of substantial compliance. Appellant's failure to develop this issue has precluded our ability to meaningfully review it. Thus, it is waived.

**Validity in the Change of Policy Beneficiary**

In her second issue, Appellant avers that the court erred in concluding that Decedent validly changed the Policy's beneficiary from the Insurance Trust to the Revocable Trust. Appellant's Brief at 25-29. She presents three distinct arguments, which we address *seriatim*.

In an argument predicated on the success of the issue presented *supra*, Appellant first contends that Decedent lacked the authority to change the beneficiary on the Policy because the Insurance Trust and not Decedent owned the Policy and only the owner of an insurance policy can change a beneficiary designation. *Id.* at 26. As noted above, Appellant waived her challenge to the court's finding that Attorney Mand effectively changed the Policy owner from the Insurance Trust to Decedent by failing to develop it; accordingly, this bootstrapped argument fails.

Appellant next avers, in the alternative, that the orphans' court "erred as a matter of law by misconstruing the legal standard of substantial

compliance[]" when it found that Decedent "took reasonable steps" to change the Policy's beneficiary designation. *Id.* at 27. She asserts that Decedent's merely discussing his desire to change the Policy beneficiary with Attorney Mand and Mr. Katz and then sending a letter to LBL expressing his intent "do[es] not constitute everything the decedent could have reasonably done under the circumstances[]" to effectuate the beneficiary change. *Id.* at 28. We disagree.

Generally, to make a valid change to the beneficiary of an insurance policy, an insured must comply with requirements specified by the policy. *Carruthers v. $21,000*, 434 A.2d 125, 127 (Pa. Super. 1981). *See also Sproat v. Travelers' Ins. Co.*, 137 A. 621, 622 (Pa. 1927) ("In order to [e]ffect a change of beneficiary the mode prescribed by the policy must be followed[.]).

"An exception to this general principle permits a change of beneficiary to be effective if, under the circumstances, the policyholder substantially complied with the provisions of the policy." *State Farm Ins. Co. v. Kitko*, 241 A.3d 648, 653 (Pa. Super. 2020). "The intent of the insured will be given effect if he does all that he reasonably can under the circumstances to comply with the terms of the policy which permit a change of beneficiary." *Id.* (citation omitted). Substantial compliance requires the policyholder to make "every reasonable effort to effect a change of beneficiary." *Sproat*, 137 A. at 622; *Kitko*, 241 A.3d at 653.

Here, the orphans' court found that Decedent signed and sent a letter to LBL, dated January 28, 2010, requesting that LBL change the Policy beneficiary, but that LBL did not receive the letter, as evidenced by LBL continuing to send Policy premium notices to Attorney Mand as trustee of the Insurance Trust. It further found that the January 28, 2010 letter "clearly indicated Decedent's intent to change the beneficiary of his life insurance policy to [Wife], as trustee of the [R]evocable [T]rust." Opinion, 5/3/21, at 11. Given these facts, the court concluded that Decedent's actions constituted "every reasonable effort to effectuate his intent to change the Policy beneficiary." As the court explained:

> Decedent, with the assistance of counsel and guidance of his insurance agent, prepared a letter, which he signed, clearly stating his desire to change the beneficiary of his life insurance policy. The testimony presented established that although specific company forms were available to request a change of beneficiary, Decedent never received any form or instruction from LBL or further direction from his advisors, [Attorney] Mand or Mr. Katz after 2010 regarding the ownership and beneficiary of the life insurance policy.

*Id.*

Our review confirms that the record supports the orphans' court's factual findings. With respect to the court's legal conclusions, we agree that the evidence clearly established Decedent's intent to change the Policy's beneficiary and that he made every reasonable effort to change the beneficiary to the Revocable Trust. These efforts included seeking the advice of trusted professionals and executing a letter to LBL informing it of the desired changes.

- 13 -

Last, Appellant argues that the orphans' court erred by affirming Attorney Mand's purportedly improper transfer of the Policy proceeds from the bank account associated with the Insurance Trust to that associated with the Revocable Trust. Appellant's Brief at 28-29. She argues that because Decedent did not validly change the Policy beneficiary from the Insurance Trust to the Revocable Trust, the Policy proceeds belonged to the Insurance Trust. Because we have found that the trial court correctly concluded that Decedent validly changed the Policy's beneficiary to the Revocable Trust, this claim fails.

**Decedent's Intent**

In her third issue, Appellant claims that the orphans' court erred in concluding that Decedent intended the Revocable Trust to be the beneficiary of the Policy. *Id.* at 31. In particular, Appellant asserts that the court (1) failed to consider that Decedent did not take any action to ensure that he had effectively changed the Policy's beneficiary after 2010; and (2) disregarded Appellant's testimony that the Decedent told her, sometime in the year prior to his death, that she was a beneficiary of an insurance policy owned by him. *Id.* Last, she claims that the court erred in neglecting to consider that in the five years preceding the Decedent's death, Decedent and Attorney Mand acted in ways that demonstrated Decedent's intent and knowledge that the Insurance Trust was still the owner and beneficiary of the Policy. *Id.*

Appellant has failed to develop this issue with citation to the record or any case law as required by our rules of appellate procedure. **See** Pa.R.A.P. 2119. In light of this failure, we are unable to conduct meaningful appellate review of this claim. Accordingly, Appellant has waived it. **See id.** at 2101.

**Attorney Mand's Conduct and Statutory Interest**

In her fourth and fifth issues, Appellant asserts that the orphans' court erred when it declined to find that Attorney Mand breached his fiduciary duty to all parties and declined to award Appellant statutory interest on the Policy proceeds Attorney Mand improperly transferred to the Revocable Trust. Appellant's Brief at 29-30, 32-33. Appellant has again failed to support her arguments with citation to the record or any controlling authority. She has, thus, fatally hampered our ability to conduct meaningful appellate review, resulting in their waiver.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2022